UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BONWORTH, INC.,

        Plaintiff and Counterclaim-Defendant,

-v-

RUNWAY 7 FASHIONS, INC.,

        Defendant and Counterclaim-Plaintiff.

17 Civ. 9712 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On December 11, 2017, Bonworth, Inc. ("Bonworth") brought this action against Runway 7 Fashions, Inc. ("Runway") alleging breach of contract arising from several purchase orders for the sale of garments by Runway to Bonworth. Dkt. 1. On January 10, 2018, Runway filed an answer and counterclaims, alleging that Bonworth, not Runway, had breached the parties' agreements. Dkt. 7. In January 2019, after discovery had concluded, the parties cross-moved for summary judgment. Dkts. 37, 42. On July 16, 2019, the Court issued an opinion and order resolving those motions. Dkt. 62. As to Bonworth's claims, the Court held that genuine disputes of material fact precluded summary judgment. *Id.* at 11–14. As to Runway's counterclaims, the Court granted its motion, solely as to liability, on its claim that Bonworth had failed to make payment on 10 purchase orders under which Bonworth had accepted goods delivered to it by Runway. *Id.* at 15–16. The Court, however, held that genuine disputes of material fact precluded summary judgment on Runway's claims arising from several canceled purchase orders related to goods that Runway had produced but not delivered to Bonworth. *Id.* at 16–23.

On July 22, 2019, the parties filed a letter stating that Bonworth was exploring the possibility of filing for bankruptcy. Dkt. 63. On August 12, 2019, Bonworth's counsel moved to withdraw on the basis that counsel had lost all contact with Bonworth and Bonworth had failed to pay counsel for their services. Dkt. 65. On August 13, 2019, the Court gave Bonworth two weeks in which to retain new counsel, during which time it held counsel's motion to withdraw in abeyance. Dkt. 66. If successor counsel failed to appear, the Court stated it intended to grant counsel's motion to withdraw, and directed Runway to move for default judgment against Bonworth by September 3, 2019. *Id.* (citing *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation.")). On September 3, 2019, the parties notified the Court that Bonworth had filed for Chapter 11 bankruptcy, which automatically stayed proceedings in this case, and prevented Runway from filing a motion for a default judgment. Dkt. 68. The same day, the Court formally stayed this case and directed the parties to submit status reports on the progress of Bonworth's bankruptcy proceedings every 90 days, which they failed to do. Dkt. 69.

On February 19, 2021, Runway notified the Court that it expected the bankruptcy proceedings to resolve, and the automatic stay that applied to this case to lift, in March 2021. Dkt. 70. The same day, the Court directed the parties to file a joint status report by March 24, 2021. Dkt. 71. On February 23, 2021, Bonworth's counsel filed a letter renewing their request to withdraw from this action, citing their inability to establish contact with any representatives at Bonworth and the death of Bonworth's lead counsel, which had occasioned the dissolution of the law firm representing Bonworth. Dkt. 72. On February 24, 2021, the Court granted that motion, and because "a corporate entity may not represent itself *pro se* in federal court," directed Runway to move for a default judgment. Dkt. 73. The Court warned Bonworth that "absent the

appearance of successor counsel" by March 10, 2021, the Court would be required, on proper motion and showing by Runway 7, to enter a default judgment in favor of Runway 7." *Id.* at 2. The Court further directed Bonworth's withdrawing counsel to serve a copy of that order on both Bonworth and its bankruptcy counsel. *Id.* The next day, counsel filed an affidavit attesting to such service. Dkt. 74.

On April 1, 2021, after the parties failed to submit any status report by March 24, 2021, and Runway did not move for a default judgment after March 10 had passed and no successor counsel had appeared on Bonworth's behalf, the Court issued an order to show cause. Dkt. 75. On April 2, 2021, Runway responded, stating that Bonworth's bankruptcy proceeding had not yet been formally dismissed, that the automatic stay thus remained in place, and that Runway was therefore unable to file a motion for default judgment. Dkt. 76. The same day, the Court adjourned the deadline for Runway to so move, and directed it to notify the Court within a week of the dismissal of Bonworth's bankruptcy proceedings. Dkt. 77. On April 12, 2021, Runway notified the Court that Bonworth's bankruptcy case had been dismissed, and that the automatic stay had lifted, on April 9, 2021. Dkt. 78.

On April 19, 2021, Runway moved for a default judgment against Bonworth, and filed supporting declarations by Ahmed A. Massoud, Esq., and Victoria Regensberg, with attached exhibits. Dkt. 81. The same day, Runway served Bonworth with that motion and supporting papers by first-class mail. Dkt. 81-4. On April 28, 2021, the Court issued an order observing that Runway's motion papers were in good order and notifying the parties that, in light of the current public-health conditions, it intended to resolve Runway's motion on the papers. Dkt. 82. The Court instructed that if Bonworth wanted to oppose that motion, it had to retain counsel and do so by May 12, 2021. *Id.* at 2. The Court also directed that Runway serve that order on

3

Bonworth, which Runway did the next day by first-class mail. Dkt. 83. To date, no successor counsel has appeared on Bonworth's behalf, and Bonworth has not filed any opposition to Runway's motion for default judgment.

The Court has reviewed Runway's motion for default judgment and supporting papers pursuant to Federal Rule of Civil Procedure 55(b)(2). Because proof of service of the motion for default judgment and the Court's prior orders has been filed, no counsel has appeared for Bonworth, Bonworth has failed to file any opposition to Runway's motion for default judgment, Bonworth has failed to pursue this case, and Runway has proffered evidence sufficient to support their claims, the Court enters a default judgment for Runway against Bonworth. Specifically, the Court grants a default judgment dismissing Bonworth's claims and dismissing Bonworth's affirmative defenses, and grants a default judgment, solely as to liability, in favor of Runway on Runway's counterclaims against Bonworth.

The Court, by separate order, will commission an inquest into damages. Runway is directed to serve a copy of this order on Bonworth and to file proof of such service on the docket by June 14, 2021.

The Court respectfully directs the Clerk of Court to terminate the motion pending at Dkt. 81.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: June 8, 2021
      New York, New York