UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BON WORTH, INC., <br><br>                              Plaintiff, <br> -v- <br> RUNWAY 7 FASHIONS, INC., <br><br>                              Defendant. | 17 Civ. 9712 (PAE) (BCM) <br><br> <u>OPINION & ORDER</u> |
| RUNWAY 7 FASHIONS, INC., <br><br>                              Counterclaim Plaintiff, <br> -v- <br> BON WORTH, INC., <br><br>                              Counterclaim Defendant. | |

PAUL A. ENGELMAYER, District Judge:

This decision arises from a damages inquest conducted after the Court entered a default judgment as to liability against counterclaim defendant (also plaintiff) Bon Worth, Inc. ("Bon Worth").[1] Dkt. 86 at 4.

On December 11, 2017, Bon Worth, a clothing retailer, filed the Complaint in this diversity action against Runway 7 Fashions, Inc. ("Runway"), a garment wholesaler. Dkt. 1. Bon Worth alleged that Runway had breached a purchasing agreement by failing to timely deliver acceptable and conforming garments, and brought a single breach of contract claim. On

---

[1] The case caption presents this party's name as "BonWorth Inc." As discussed herein, the Court adopts the correct spelling of plaintiff and counterclaim defendant's name, in which there is a space between "Bon" and "Worth."

January 10, 2018, Runway filed an answer and brought two counterclaims against Bon Worth. Dkt. 7. In its first counterclaim, Runway alleged that Bon Worth owed Runway for goods delivered and accepted under one set of purchase orders. *Id.* ¶¶ 144–51 (the "first counterclaim"). In its second, Runway alleged that it was entitled to withhold the delivery of goods manufactured under another set of purchase orders, and that Bon Worth owes it repudiation damages. *Id.* ¶¶ 152–56 (the "second counterclaim"). On January 29, 2018, Bon Worth filed an answer to Runway's counterclaims. Dkt. 10. On February 13, 2018, the Court held an initial pretrial conference with counsel for both sides. *See* Dkt. 9.

On December 20, 2018, Bon Worth moved for summary judgment, Dkt. 37, and on January 8, 2019, Runway similarly so moved. Dkts. 42–45. On January 18, 2019, Runway filed a memorandum of law in opposition to Bon Worth's motion. Dkt. 50. On February 12, 2019, Bon Worth filed a memorandum of law in opposition to Runway's motion and in support of its own motion. Dkt. 57.

On July 16, 2019, the Court, ruling on the cross-motions for summary judgment, granted Runway's motion on its first counterclaim, but as to liability only. Dkt. 62. However, the Court held, disputes of material fact precluded entry of summary judgment on Bon Worth's claim and Runway's second counterclaim. *Id.*

On August 12, 2019, counsel for Bon Worth moved to withdraw, stating that Bon Worth's "bankruptcy filing is imminent." Dkt. 66 at 1. On September 3, 2019, after Bon Worth had filed for Chapter 11 bankruptcy, the Court stayed all proceedings in this action pursuant to the automatic stay upon such a filing. Dkt. 69.

On February 23, 2021, Bon Worth's counsel filed a motion renewing its application to withdraw. Dkt. 72. Counsel added, as a further ground supporting withdrawal, that Bon Worth's

lead counsel, Robert D. Lipman, had passed away due to the COVID-19 pandemic, and that the firm bearing his name was being dissolved. *Id.* at 1. On February 24, 2021, the Court granted counsel's motion to withdraw, while noting that "a corporate entity may not represent itself *pro se* in federal court." Dkt. 73 at 2. The Court explained that "absent the appearance of successor counsel for Bon Worth, the Court would be required, on proper motion and showing by [Runway], to enter a default judgment in favor of [Runway]," and directed that its order, containing notice of this consequence, be served on Bon Worth and its bankruptcy counsel. *Id.*

On April 9, 2021, Bon Worth's bankruptcy case was dismissed and the automatic stay was dissolved. *See* Dkt. 80. On April 19, 2021, Runway moved for a default judgment. Dkt. 81. On June 8, 2021, the Court dismissed all of Bon Worth's claims and defenses and granted default judgment, solely as to liability, in favor of Runway on both of its counterclaims. Dkt. 86 at 4. That day, the Court referred the case to Magistrate Judge Barbara Moses for an inquest into damages. Dkt. 85.

In its proposed findings of fact and conclusions of law submitted to Judge Moses, Runway sought $170,852.90 in damages on its first counterclaim, for the goods delivered to Bon Worth, and $217,050.00 in damages on its second counterclaim, for the goods manufactured but not delivered, less the sum of $7,463.50, which "Runway received . . . in partial mitigation of its damages," for a total of $209,586.50 on the second counterclaim. Dkt. 90 at 10.

On June 20, 2023, Judge Moses issued her Report and Recommendation to this Court. Dkt. 97 ("Report"). The Report recommends that Runway be awarded $170,852.90 in damages, along with post-judgment interest, on its first counterclaim. *Id.* at 22. However, the Report recommends that damages should not be awarded on its second counterclaim, which, unlike the first counterclaim, had been resolved in Runway's favor not by entry of summary judgment, but

3

by entry of default judgment, and recommends that this counterclaim be dismissed. *Id.* As the Report explained, on closer review, Runway had failed to adequately plead or show that it made the required demand prior to suspending its performance for the purchase agreements implicated by the second counterclaim. Runway thus had not established, the Report reasoned, that it was justified in refusing to deliver the goods or that Bon Worth had repudiated the parties' agreement. *Id.* at 16. The Report further recommends that the judgment run against Bon Worth, Inc. (rather than "BonWorth, Inc."), and that the caption of this action be amended to reflect the correct spelling of the name of the plaintiff and counterclaim defendant. *Id.* at 22.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Moses's characteristically thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 22, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d

Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court awards Runway $170,852.90 in damages, along with post-judgment interest, on its first counterclaim. The Court dismisses Runway's second counterclaim. The judgment is to run against Bon Worth, Inc., rather than BonWorth, Inc.

The Court respectfully directs the Clerk of Court to amend the caption of this action to reflect the correct spelling of Bon Worth, Inc., enter judgment in Runway's favor for the above damages, terminate all pending motions, and close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 10, 2023
   New York, New York